**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

FRED L. WILLIAMS                                                                    PETITIONER
ADC #093355

v.                                               5:19cv00215-BRW-JJV

WENDY KELLEY, Director,
Arkansas Department of Correction                                     RESPONDENT

**<u>PROPOSED FINDINGS AND RECOMMENDATIONS</u>**

**<u>INSTRUCTIONS</u>**

The following recommended disposition has been sent to United States District Judge Billy Roy Wilson.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

## I.    INTRODUCTION

Petitioner Fred L. Williams, an inmate at the East Arkansas Regional Unit of the Arkansas Department of Correction ("ADC"), filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 2.) Pending before the Court is Respondent Wendy Kelley's Motion to Dismiss for failure to exhaust state court remedies. (Doc. Nos. 12-13.) Mr. Williams has responded (Doc. No. 14), and this matter is now ripe for a decision. After careful review, and for the following reasons, I find the Motion to Dismiss should be GRANTED. Mr. Williams's habeas petition should be dismissed without prejudice.

## II.   RULE 4 AND RULE 12(b)(6) STANDARDS

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts mandates dismissal of a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a court to dismiss a claim on the basis of a dispositive issue of law. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). If, as a matter of law, "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,"

a claim must be dismissed, without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one. *Id.* at 327 (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)); *see also O'Neal v. State Farm Fire & Cas. Co.*, 630 F.3d 1075, 1077 (8th Cir. 2011). In addition to the complaint, the court may consider matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint. *See Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

## III.   BACKGROUND

Mr. Williams was convicted in the Drew County Circuit Court of first-degree murder and abuse of a corpse. (Doc. No. 12-1 at 1-2.) He was sentenced to life imprisonment plus twenty years. (*Id.*) His convictions were affirmed on direct appeal. *Williams v. State*, 2015 Ark. 316, 468 S.W.3d 776. (Doc. No. 12-2.) Mr. Williams then filed a timely petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1, as well as several amendments. (Doc. No. 12-3 at 13, 55, 61, 71, 74, 76.) He argued, among other things, that his trial counsel had failed to conduct a proper investigation and rebut the State's evidence, the State had withheld exculpatory evidence, evidence seized from his residence should have been suppressed and his trial counsel was ineffective for failing to file a motion, the prosecutor had engaged in misconduct of various forms, jurors had engaged in misconduct, and his *Miranda* rights had been violated. (*Id.* at 15-16, 33.) The Drew County Circuit Court denied relief. (*Id.* at 170.) Mr. Williams filed a timely notice of appeal from the denial of his Rule 37 petition (*Id.* at 174), and that appeal remains pending in the Arkansas Supreme Court. *See Williams v. State*, CR-18-172, http://caseinfo.arcourts.gov.

In his Petition for Writ of Habeas Corpus, Mr. Williams raises four grounds for relief: (1) his trial counsel failed to vigorously cross-examine the State's witnesses, investigate exculpatory evidence, and rebut the State's theory; (2) his trial counsel was ineffective for failing to file a

motion to suppress evidence seized via a noncompliant search warrant; (3) his trial counsel was ineffective for failing to file a motion to suppress his statements because of *Miranda* violations; and (4) prosecutorial and juror misconduct. (Doc. No. 2 at 5-11.) Mr. Williams acknowledges he raised each of these issues in his Rule 37 petition and that his Rule 37 appeal is still pending. (*Id.*)

## IV.    ANALYSIS

Pursuant to 28 U.S.C. § 2254(b)(1), a habeas corpus petition shall not be granted unless it appears that "the applicant has exhausted the remedies available in the courts of the State," or there is an absence of available remedies or circumstances render the process ineffective to protect the applicant's rights. The exhaustion requirement "is grounded in principles of comity and reflects a desire to 'protect the state courts' role in the enforcement of federal law.'" *Castille v. Peoples*, 489 U.S. 346, 349 (1989) (quoting *Rose v. Lundy*, 455 U.S. 509, 518 (1982)). As Respondent points out, the United States Court of Appeals for the Eighth Circuit has held a habeas petitioner has the burden to show that all available state remedies have been exhausted. *Carmichael v. White*, 163 F.3d 1044, 1045 (8th Cir. 1998). The Eighth Circuit has also stated dismissal without prejudice is proper when a petitioner fails to carry that burden. *Id*. at 1046. "The petitioner then either may return to state court to exhaust his claims or file an amended petition in federal court including only exhausted claims." *Victor v. Hopkins*, 90 F.3d 276, 280 (8th Cir. 1996) (citing *Lundy*, 455 U.S. at 510).

I note that in more recent years, the United States Supreme Court has endorsed an approach known as "stay and abeyance," which Mr. Williams seeks to take advantage of here. (Doc. No. 2 at 17.) In *Rhines v. Weber*, 544 U.S. 269, 275 (2005), the Court acknowledged a potential timeliness trap after the enactment of the Antiterrorism and Effective Death Penalty Act:

> As a result of the interplay between AEDPA's 1-year statute of limitations and *Lundy*'s dismissal requirement, petitioners who come to federal court with

"mixed" petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims. If a petitioner files a timely but mixed petition in federal district court, and the district court dismisses it under *Lundy* after the limitations period has expired, this will likely mean the termination of any federal review. . . . Similarly, if a district court dismisses a mixed petition close to the end of the 1-year period, the petitioner's chances of exhausting his claims in state court and refiling his petition in federal court before the limitations period runs are slim. The problem is not limited to petitioners who file close to the AEDPA deadline. Even a petitioner who files early will have no way of controlling when the district court will resolve the question of exhaustion.

To remedy this problem, the Court held a district court should stay, rather than dismiss, a mixed petition in limited circumstances. Specifically, a stay is proper "if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278. Without expressing any opinion on the merits of Mr. Williams's claims, I do note his Rule 37 appeal has been pending in the Arkansas Supreme Court for some time, a circumstance outside of his control.

However, the "stay and abeyance" procedure only applies to "mixed" petitions, that is, petitions containing both exhausted and unexhausted claims. *See Birts v. Ark. Attorney Gen.*, 2:13CV00129-KGB, 2014 WL 2803291, at 2 (E.D. Ark. June 13, 2014) (citing *Rhines*, 544 U.S. at 277-79 (approving the use of the "stay and abeyance" procedure for "mixed petitions")); *Meeks v. Cassady*, 4:15CV16-AGF, 2015 WL 1202530, at 1 (E.D. Mo. March 16, 2015) (stating petitioner could not utilize the "stay and abeyance" procedure because all of his claims were unexhausted); *Hernandez v. Houston*, 4:09CV3022, 2009 WL 2840521, at 2 (D. Neb. Sept. 2, 2009) (same). From my review of Mr. Williams's claims, none appear to have been exhausted at this point. He acknowledges he raised each one in his Rule 37 petition. And although he suggests one or more claims may have been exhausted in one of two error *coram nobis* petitions filed in the Arkansas Supreme Court (Doc. No. 2 at 3-4), the test for exhaustion is whether the petitioner "has

the right under the law of the State to raise, by any available procedure, the question presented."
28 U.S.C. § 2254(c); *Carey v. Saffold*, 536 U.S. 214, 220 (2002).  The first three claims raised in
Mr. Williams's habeas petition are clearly ineffective-assistance-of-counsel claims cognizable in
Rule 37 proceedings.  His fourth claim is more difficult to discern and includes allegations of
prosecutorial and juror misconduct, which generally are not cognizable in Rule 37.  *See Howard
v. State*, 367 Ark. 18, 27-29, 238 S.W.3d 24, 32-34 (2006).  But it also includes elements of an
ineffective-assistance-of-counsel claim (Doc. No. 2 at 23), and Mr. Williams says in his Response
that "all his claims relate and are inextricably connected to his claims based on ineffective
assistance of counsel."  (Doc. No. 14 at 4.)  Furthermore, whether a state remedy is presently
available is a question of state law "as to which only the state courts may speak with final
authority." *Simpson v. Camper*, 927 F.2d 392, 393 (8th Cir. 1991).  Therefore, where it is unclear
under state law whether a remedy is available, "a federal district court should require exhaustion
in order to allow the state court the opportunity to resolve the uncertainty."  *Neely v. Arkansas*,
4:06CV00953-JFF, 2007 WL 9627500, at 12 (E.D. Ark. Jan. 11, 2007) (citing *Victor*, 90 F.3d at
277-83; *Feeney v. Auger*, 808 F.2d 1279, 1282-83 (8th Cir. 1986); *Woods v. Kemna*, 13 F.3d 1244,
1245-46 (8th Cir. 1994)).

Additionally, the timeliness issue noted in *Rhines* is not a problem for Mr. Williams.  Under
28 U.S.C. § 2244(d)(1)(A), the one-year period of limitation began running on October 29, 2015,
when the Arkansas Supreme Court issued its mandate on direct appeal.  But the statute of
limitations was tolled when Mr. Williams filed his Rule 37 petition on November 30, 2015, and it
remains so while the appeal is pending.  *See id*. at § 2244(d)(2).  Accordingly, when the Rule 37

appeal is resolved, Mr. Williams will have approximately eleven months in which to refile his habeas petition.[1]

For the above-stated reasons, Mr. Williams's habeas petition should be dismissed without prejudice to his refiling after his state court remedies have been fully exhausted.

## V.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.      Respondent's Motion to Dismiss (Doc. No. 12) be GRANTED.

2.      Mr. Williams's Petition for Writ of Habeas Corpus (Doc. No. 2) and the Addenda thereto (Doc. Nos. 3, 5, 8, 9) be DISMISSED WITHOUT PREJUDICE to his refiling after fully exhausting his remedies in state court.

DATED this 3rd day of September 2019.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1] Mr. Williams has filed four addenda to his habeas petition.  (Doc. Nos. 3, 5, 8, 9.)  On refiling, he should include all his claims and arguments in a single document.